(No. 11035.)

THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* MARSHALL STARKS, Plaintiff in Error.

*Opinion filed December 21, 1916.*

1. CRIMINAL LAW—*assaulted party may testify he heard the accused was going to kill him.* In a prosecution for an assault with intent to commit murder, during which assault both parties fought and used revolvers, the assaulted party may testify that he had heard the defendant was going to kill him.

2. SAME—*what evidence of threats cannot be admitted on trial for assault with intent to commit murder.* On a trial for assault with intent to commit murder, evidence that the assaulted party, not long before the fight, said that someone was calling him a "snitch" and that he was going to blow his head off, without mentioning any name or giving any indication that he was threatening the accused, is not admissible.

WRIT OF ERROR to the City Court of Carbondale; the Hon. HERBERT A. HAYES, Judge, presiding.

W. P. LIGHTFOOT, (W. F. ELLIS, of counsel,) for plaintiff in error.

P. J. LUCEY, Attorney General, W. A. SCHWARTZ, State's Attorney, and FRANK W. SULLIVAN, (J. S. KENDALL, of counsel,) for the People.

Mr. JUSTICE FARMER delivered the opinion of the court:

Marshall Starks, plaintiff in error, was convicted in the city court of Carbondale for the crime of assault with intent to commit murder. The assault was alleged to have been committed upon one Lee with a revolver. Motion for a new trial was overruled, the defendant sentenced to imprisonment in the penitentiary, and he has sued out this writ of error to review the judgment.

Plaintiff in error and Lee are both colored men. They met in the barber-shop of a colored man named Murray the evening of April 1, 1916, and had an altercation in which both drew revolvers, and while the plaintiff in error denied using his, the proof warrants the conclusion that both fired. Lee was not hit but plaintiff in error was wounded in the mouth. Lee went into the barber-shop first. The shop was divided into two rooms by a wood partition. The front room, which faced east on the street, was the shop where the barber chairs were. A door opened out of that room into the back room, where there was a stove, drinking water and a bench extending east and west along the south wall of the room. Lee went into the back room and was sitting on the bench talking to a man named Johnson when plaintiff in error entered the barber-shop. Plaintiff in error went to the door leading into the back room, or just inside of it, and apparently seeing who was in the room, stopped. Johnson invited him to come in, but this plaintiff in error declined to do. Lee and Johnson testified plaintiff in error told Johnson he was keeping the wrong company and went back into the barber-shop; that Johnson called to him to come back into the room where he was, and that plaintiff in error used profane language, told Johnson not to call

him any more and said he would not go into the room. Plaintiff in error did not leave the barber-shop, and in a short time Lee and Johnson left the back room and went into the barber-shop. The evidence is conflicting as to whether plaintiff in error or Lee made the first demonstration of violence toward the other. Both were armed, and it clearly appears that there was bad blood between them. Each claims the other started to draw his gun first. When it looked like the parties were going to have trouble, the barber, Murray, caught one of them and a customer who was being shaved jumped out of the chair and caught the other in an effort to prevent difficulty between them. Lee then had his gun in his hand and plaintiff in error was trying to draw his from his pocket. Fearing for their own safety, Murray and his customer released the parties, they came together and there was the report of a gun. Most of the witnesses testified that they only heard one report but it seems quite certain both parties fired at the same time. The plaintiff in error was hit. When Murray returned to the shop, plaintiff in error and Lee were clinched, the former's gun was lying on the floor and he had Lee's gun in his hand behind Lee's back. Plaintiff in error testified he dropped his gun in trying to draw it from his pocket and that he wrenched Lee's gun out of his hand. Lee testified plaintiff in error drew his gun and pointed it at him, and that he (Lee) struck plaintiff in error's hand and arm upwards and at that time both fired. An empty shell which witnesses testified from its appearance had been freshly fired, was in plaintiff in error's gun. The next morning a bullet hole was found in a board forming part of the wall of the barber-shop, some eight or nine feet above the floor.

While plaintiff in error testified he did not fire and that it was his custom to keep an empty shell in his gun, we think the evidence warrants the conclusion that he fired the shot which went into the wall of the room and that he and Lee fired simultaneously. We shall not attempt to set out

or analyze the testimony. It is sufficient to say that from a consideration of it it cannot be said the judgment should be reversed because not authorized by the evidence. There was a conflict in the testimony, but it was the province of the jury to determine the credibility of the witnesses and the weight to be given their testimony. The case is not one where a reviewing court would be justified in disturbing the verdict and judgment on the evidence. *Henry* v. *People,* 198 Ill. 162.

Error is assigned upon certain rulings of the court in admitting and rejecting testimony. Lee testified he had heard plaintiff in error was going to kill him, to which objection was made and overruled. There was no error in this ruling. *Campbell* v. *People,* 16 Ill. 17; *Painter* v. *People,* 147 id. 444.

A witness for the defense testified that on the same evening the shooting occurred, and prior to its occurrence, Lee said someone was accusing him of being a "snitch" and he was going to blow his head off, but he mentioned no name and the witness did not pretend to say that Lee said anything to indicate who the person he referred to was. On motion of the People that testimony was stricken out. There was no error in this ruling, as there was nothing in the statement of Lee in any way indicating he referred to or had plaintiff in error in mind. *Holley* v. *State,* 39 Tex. Crim. 301.

Some other complaints are made on the court's rulings in admitting and refusing evidence and in giving certain instructions for the People. These objections are more critical than meritorious and do not require discussion in detail. Our attention has not been called to any error that would require or justify a reversal of the judgment, and it is affirmed.

                                        *Judgment affirmed.*